IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        Case No. 09-CR-271

JERRY KING,

        Defendant.

MOTION TO MODIFY AND/OR SET BAIL

TO: Elizabeth Blackwood
    Assistant U.S. Attorney
    517 E. Wisconsin Avenue
    Milwaukee, WI 53202

NOW COMES THE DEFENDANT, JERRY KING, by and through his attorney MARK S. ROSEN of the Law Offices of Rosen and Holzman, and hereby moves this Court for an Order modifying and/or setting his bail. He is presently detained at the Kenosha County Detention Center, which is unwarranted. In support of the motion to modify and/or set bail, the Defendant states as follows:

    1.    Defendant is 46 years of age.

1

2. To the best of the undersigned's knowledge, Defendant is presently detained without any bond. Magistrate Aaron Goodstein recently completed an arraignment in this matter and ordered him held.

3. Defendant has strong ties to the Milwaukee community. He has family in Milwaukee, to include four children, ages 16, 18, 24, and 26. He was seeing them on a regular basis. He also has a sister and a mother who lives in Milwaukee. Furthermore, he indicates that he can obtain employment with a cousin driving a van for a daycare facility. At the time of his arrest, he was living with his mother. Defendant has indicated that, if placed on electronic monitoring, he can stay with his mother. She has a landline telephone. The undersigned spoke with her yesterday. She confirmed that he can stay with her and that she has a landline telephone.

4. Defendant's provided criminal record consists of drug cases. There is no indication of guns, violence, or missed court dates. The Wisconsin Department of Corrections satisfactorily discharged him from his last case. Contrary to the bond report provided at the arraignment, Defendant denies any conviction out of Marion, Indiana.

5. Defendant and his family have indicated that they can post cash bond in the amount of $4,000. This is a significant amount of money. Furthermore, Defendant has no objection to this court placing him at his mother's residence, on the electronic

2

monitoring bracelet.

6. Well-founded case law indicates that a presumption for release exists and that the government must show that detention is warranted by clear and convincing evidence. See <u>United States vs. Salerno</u>, 95 L.Ed. 2d 697 (1987), <u>United States vs. Ploof</u>, 851 F.2d 7 (1st Cir. 1988), <u>United States vs. Jeffries</u>, 679 F.Supp. 1114, 1116 (M.D. Ga. 1988).

7. Based upon the facts and law indicated in paragraphs 1-5, above, release from detention pending trial is warranted. Paragraphs 1-5, above, indicate that Defendant is neither a risk of flight nor a threat to the community.

WHEREFORE, for the aforementioned reasons, Defendant respectfully moves this Court for an Order ordering or modifying his present detention status to cash bail in an amount not to exceed $4,000 with electronic bracelet with condition that he reside at his mother's residence in Milwaukee, as previously indicated in paragraphs 3 and 5, above.

Defendant requests a hearing in this matter.

Respectfully Submitted,

Mark S. Rosen
Attorney for Defendant
State Bar No. 1019297

Rosen and Holzman
400 W. Moreland Blvd., Ste. C
Waukesha, WI 53188
ATTN: Mark S. Rosen
(262) 544-5804

3